**GREER, et, Plaintiffs-Appellees, v. DAVIS, et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1171. Decided September 11, 1947.

Leo Luchette and James Hoffman, Jr., Masury, for plaintiffs-appellees.

A. L. Carter, Youngstown, for defendants-appellants.

**OPINION**

By PHILLIPS, J.

Merle O. Snyder, Justice of the Peace within and for Hubbard Township, Trumbull County, issued an order of attachment upon an affidavit in attachment filed in his court under provisions of §10253 GC, on February 28, 1947, by plaintiffs, residents of Trumbull County, against defendants, residents of Mahoning County, on the ground "that defendant is a non-resident of Trumbull County", and had it served upon Frank Lockwood, a resident of Trumbull County, requiring him to appear therein on March 14, 1947, to testify concerning any of defendants' money or personal property in his possession.

"On March 14, 1947, defendant Davis filed his motion entering appearance for the sole purpose of objecting to jurisdiction of the justice over the person of defendant".

The "bill of exceptions" allowed by the justice of the peace discloses the following:—

"Defendant's motion objected to the jurisdiction of the Justice of the Peace because there had not been any bill of particulars filed in connection with the Affidavit for the order of attachment up to the time fixed for hearing on the order of attachment, March 14th, 1947. The motion was overruled on the ground that in attachment before judgment where the defendant is a non-resident of the County, jurisdiction over him may be procured by filing an affidavit for an order of attachment and without filing a bill of particulars and issuing a summons on same, if property of the defendant is found in the township where the order of attachment is procured, and the property attached is served with the order of attachment."

Defendants appealed from the ruling of the justice of the peace to the court of common pleas of Trumbull County, and plaintiffs filed a motion therein to dismiss defendants' appeal on the ground that defendants failed to comply with the provisions of §§10382 and 10383 GC, which as applicable respectively provide that "in all cases, not otherwise specially provided for by law, either party may appeal from the final judgment of a justice of the peace, to the court of common pleas of the county. where the judgment was rendered;" and that "within ten days from the time a justice renders judgment, the party appealing therefrom must give a bond to the adverse party, though he need not sign it".

Upon hearing the trial judge overruled plaintiffs' motion to dismiss the appeal, and remanded the case to the court of the justice of the peace for further proceedings, and it is from the ruling of the common pleas court that defendants appeal to this court on questions of law.

The judge of the court of common pleas treated plaintiffs' motion to dismiss defendants' appeal as a motion to discharge the attachment. Counsel for plaintiff filed no cross-appeal nor cross-assignments of error challenging the ruling of the judge of the court of common pleas, but now urges "that said appeal ought to be dismissed" because the order or judgment appealed from was not a final appealable order. We believe the judge of the court of common pleas did not err to plaintiffs' prejudice in overruling plaintiffs' motion to dismiss defendants' appeal.

"Except as hereinafter provided", none of which exceptions are disclosed by the "bill of exceptions", §10253 GC, provides in clear and unambiguous language that "the plaintiff **shall** have an order of attachment against property of the defendant in a civil action before a justice of the peace for the recovery of money, **before or after its commencement**" (emphasis ours) etc.

In our opinion the mere fact that an order of attachment was issued before the commencement of an action is not ground here for dismissal thereof. See Mawiecke v. Wolf, 2 W. L. B., 87, 7 O. Dec. Rep. 476; Wehlen v. Macke, 9 O. Dec. Rep. 565, affirmed by supreme court 10/29/1889; **Carper v. Richards, 13 Oh St 219, 223.**

The language of §10255 GC, that "the order of attachment may be (not must be) made to accompany the summons, or at any time before attachment", and of §§10256, 10261 and 10262 GC, convinces us that plaintiffs in this case were not specifically required to cause summons to be issued upon defendants in an action commenced simultaneously with or

before issuing the order of attachment in the court of the justice of the peace, from which court the question presented arises, for the reason that "in Ohio we are of the opinion that a judgment before a justice of the peace against property, and no service, on the person, appropriates the property only". **Pelton v. Platner, 13 Ohio 209, 218.**

"The process in attachment is the writ authorizing and directing a seizure of the property. No process is issued against the person, because the proceeding is in rem. The statute, however, regards it but just that notice should be given to the debtor, not for the purpose of giving the court jurisdiction over the subject matter, but to permit the debtor to have an opportunity to protect his rights." **Paine v. Mooreland, 15 Ohio 436 at 444.**

Counsel for defendants relies upon sections of the general code which are applicable to procedure in the court of common pleas to support his contention in this appeal.

For a discussion of the question of the reason of the legislature in establishing different rules for those courts, if it is a question presented to us in this case, the parties and their respective counsel are respectfully referred to the exhaustive and learned opinion of the judge of the court of common pleas.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.